# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## KIMBERLY BYARS v. EARL YOUNG

**Direct Appeal from the Juvenile Court for Shelby County**
**No. M2203      Curtis S. Person, Jr., Judge**

**No. W2013-01791-COA-R3-JV - Filed October 29, 2013**

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., HOLLY M. KIRBY, J. AND J. STEVEN STAFFORD, J.

Kimberly Byars, Memphis, Tennessee, appellant, *pro se*.

Earl Young, Hermitage, Tennessee, appellee, *pro se*.

## MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appears to the Court that it does not have jurisdiction. Specifically, it appears that the order appealed was signed by the trial court on July 8, 2013 and stamped "filed" by the trial court clerk on August 8, 2013. The self-represented appellant, Kimberly Byars, filed a Notice of Appeal of that order on July 8, 2013. Then, attorney Barbara B. Johnson, IV-D Attorney filed on behalf of State of Tennessee ex rel. Kimberly Robinson Byars a pleading styled "Request for Hearing Before the Judge" on

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

July 15, 2013. The trial court entered an order on August 30, 2013 allowing the rehearing. There is nothing in the appellate record, however, indicating that the trial court conducted the rehearing.

Moreover, significant portions of the trial court record are missing from the appellate record at this time. Previously, this Court entered an opinion on May 20, 2010, in the matter of *Kimberly Byars v. Earl Young*, No. W2008-02721-COA-R3-CV. In that appeal, the juvenile court referee entered an order making several recommendations to the trial court which were adopted by the trial court on June 4, 2003. Appellant filed a petition to rehear and the trial court granted the request by order entered on June 5, 2003, but dismissed the petition to rehear by order entered on August 7, 2003.

The current appellate record does not contain the referee's findings and recommendations of June 4, 2003, or the order adopting the findings and recommendations as the order of the trial court. Moreover, the appellate record contains sparse documentation of the trial court and appellate court proceedings that transpired from the years 2003 to 2010. The record does, however, contain an order entered on June 24, 2010, transferring jurisdiction of the matter to Davidson County, Tennessee. Finally, as we have reviewed this appellate record and the Court's docket reporting system, we note that there is a matter pending in the Middle Section of this Court involving the same parties and styled *In The Matter of: Trinity R. Y.*, number M2012-01343-COA-R3-JV, appealing the trial court's order entered on April 13, 2012 in Davidson County Juvenile Court under docket number 20103303pt149040.

By Order entered on September 18, 2013, the Court directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. We also directed the trial court to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the trial court's order. We also ordered that, in the event that Appellant did not obtain entry of a final judgment within the time provided therein, Appellant would have fifteen (15) days from the entry of that Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Finally, our Order of September 18, 2013, provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of our Order of September 18, 2013, to Appellant by certified mail, return receipt requested. The Clerk later received the return receipt indicating that Appellant received the mail parcel on September 23, 2013. As of this date, however, the Clerk has not received a supplemental record containing a final judgment nor has Appellant otherwise responded to our Order of September 18, 2013.

Because it does not appear that all the claims have been adjudicated, this Court could

only have jurisdiction to hear this matter if permission to appeal has been granted, or if the order appealed has been made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. The record does not reflect, however, that permission to appeal has been granted or that the order appealed was made final pursuant to Rule 54.02.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed is not a final judgment and therefore, this appeal must be dismissed.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Kimberly Byars, for which execution may issue if necessary.

**PER CURIAM**